## Gordon v. Karsnitz (No. 2)

*James R. Whitman* and *David J. Brightbill,* of *Lewis, Brubaker, Whitman & Christianson,* for plaintiff.

*Frederick S. Wolfson,* of *Egli, Walter, Reilly & Wolfson,* for defendants.

GATES, P. J., November 20, 1973.—This case comes before us on defendants' demurrer to plaintiff's amended complaint.

Generally, the demurrer challenges the right of plaintiff to a lump sum payment under the terms of an employes' profit-sharing trust and to the cause of action as against defendant, Durable Shoe Company, Inc.

By virtue of defendants' demurrer, the following facts from the amended complaint are admitted. On July 1, 1964, the Durable Shoe Company Employes' Profit-Sharing Trust was created by an agreement between Durable Shoe Company, Inc., George S. Kars-

nitz, James T. Karsnitz, Roger T. Karsnitz and Saul Gordon. The effective date of the agreement was December 1, 1963. At that time, plaintiff was eligible to participate in the profit-sharing trust.

As of November 30, 1972, the value of plaintiff's share in the trust was $18,365.63. Under the terms of the trust, plaintiff's vested interest in the fund was 90 percent of the total value or $16,529.07.

On January 10, 1973, plaintiff notified Durable Shoe Company of the termination of his employment effective July 16, 1973. As of the date of termination, all other employes who terminated their employment and were entitled to a vested share of the trust fund were paid the entire vested amount in a lump sum at the time of their termination. Thus, plaintiff demands the value of his vested share together with interest and costs.

It is clear that the Durable Shoe Company, Inc., is not a proper party-defendant in this case. Section 2.03 of the trust agreement clearly limits the employer's liability and responsibility under the terms of the agreement.

However, the individual trustees are proper defendants and the complaint does state a cause of action against them.

Defendants concede that plaintiff is entitled to 90 percent of his contribution to the fund in the amount of $16,529.07. Defendants contend, however, that plaintiff is bound by section 8.03 of the agreement which gives the trustees the power to disburse the fund in installments or in a lump sum, at their discretion. However, defendants have not read section 8.03 in its entirety. While it is true that the trustees do enjoy discretion with regard to installment payments or lump sum payments, they are specifically directed to act uniformly in like situations. In paragraph 14 of the

amended complaint, we learn that the trustees are not acting uniformly by failing to pay plaintiff's entire vested amount in a lump sum because all employes who terminated their employment with the company were paid the entire vested amount in a lump sum at the time of their termination. Thus, we conclude that plaintiff has stated a valid cause of action and the preliminary objections will be sustained in part and dismissed in part.

## ORDER

And now, to wit, November 20, 1973, the preliminary objections of defendant, Durable Shoe Company, Inc., are sustained and the preliminary objections of the remaining defendants are refused. Leave is granted to the remaining defendants to answer the amended complaint within 30 days of this order.